Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50232 | **DATE** | 2/4/2004 |
| **CASE TITLE** | Dvorak vs. Board of Trustees | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion to dismiss as to the punitive damages claims is granted and denied as to the other claims.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | FEB 0 4 2004 | 13 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2-4-04 | |
| | | date mailed notice | |
| /SEC | courtroom deputy's initials | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiff, Linda Dvorak, filed this action against her employer, Board of Trustees of Northern Illinois University, alleging a sexually hostile work environment (Count I), a racially and national origin based hostile work environment (Count II), disparate treatment based on sex (Count III) and retaliation for filing an internal complaint with defendant and filing an EEOC charge based on the foregoing (Count IV) all in violation of 42 U.S.C. § 2000e et seq. ("Title VII"). Jurisdiction and venue are proper in this court under 42 U.S.C. § 2000e-5 (f) (3). Defendant moves to dismiss for failure to state a cause of action, pursuant to Fed. R. Civ. P. 12 (b) (6), claiming plaintiff relies on occurrences beyond the 300-day limitations period of 42 U.S.C. § 2000e-5 (e) and seeking to dismiss the punitive damages claim as barred by 42 U.S.C. § 1981a (b) (1).

Punitive damages are not allowable against a government entity such as defendant. 42 U.S.C. § 1981a (b) (1); see Varner v. Illinois State Univ., 150 F.3d 706, 718 (7th Cir. 1998), vacated on other grounds, 528 U.S. 1110 (2000). Plaintiff acknowledges this in her response. Pl. Resp. p. 5. Plaintiff's claim for punitive damages is dismissed with prejudice.

In order to bring an action under Title VII, plaintiff must file an EEOC charge within 300 days after the alleged unlawful employment practice. 42 U.S.C. § 2000e-5 (e) (1). In the case of discrete discriminatory or retaliatory acts, the period runs from the date of the act but for hostile work environment claims all acts constituting the claim are actionable so long as at least one act falls within the period. National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 (2002). Counts II and II allege hostile work environment claims alleging actions continuing from August 1997 through the filing of the complaint. Because the acts alleged include acts occurring within the required time period, and because the incidents constituting the hostile environment claims are part of one unlawful employment practice, the hostile environment claims are timely and encompass acts occurring from and after August 1997. See Id. at 118.

Count III alleges disparate treatment. Her complaint references a time period beginning in August 1997. However, a disparate treatment action is limited to acts occurring within the 300-day period prior to the filing of the EEOC charge. See Id. at 122. Thus, plaintiff's claim of disparate treatment is limited to discriminatory acts occurring within the 300-day period ending March 21, 2002, the date her EEOC charge was filed. Compl. Exh. A.

Plaintiff's retaliation claim is also timely. It alleges retaliation after she began filing internal complaints with Defendant in July 2001 and after filing her EEOC charge March 21, 2002. The EEOC charge asserting retaliation was filed April 30, 2002. Compl. Exh. B. While plaintiff does not specify the date in July 2001, she first filed a complaint, the bulk of July would fall within 300 days of April 30, 2002. Since a set of facts could be proved that would entitle plaintiff to relief, a dismissal would be inappropriate under Fed. R. Civ. P. 12 (b) (6). See American United Logistics, Inc. v. Catellus Development Corp., 319 F.3d 921, 926 (7th Cir. 2003).

For the foregoing reasons, defendant's motion to dismiss as to the punitive damages claims is granted and denied as to the other claims.